IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AJC LOGISTICS, LLC d/b/a EAGLE LOGISTICS SYSTEMS<br>**Plaintiff**<br><br>v.<br><br>ATLANTIC PIPE, CORP.<br>**Defendants** | Civil No. 2016cv1751<br><br>In Admiralty |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, AJC Logistics, LLC, through its undersigned attorney, and with utmost respect states, alleges, and prays as follow:

**I. JURISDICTION AND VENUE**

1. This is an action in admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this district because the contracts between the Plaintiff and Defendant were negotiated and executed in this district and a substantial part of the events giving rise to, and at issue in, this lawsuit occurred in this district.

**II. THE PARTIES**

3.     Plaintiff, AJC Logistics, LLC, doing business as Eagle Logistics System ("AJC"), was and is now a limited liability company created and organized under the laws of the state of Georgia, and registered in the Puerto Rico Department of State as a foreign company.  Its offices are located in Buchanan Office Center, Suite 202, Road 165 #40, Guaynabo, Puerto Rico.

4.     Defendant, Atlantic Pipe, Corp. ("Atlantic"), was and now is a corporation created and organized under the laws of the Commonwealth of Puerto Rico with offices and principal place of business at Road 14 Km. 11.2, Jacaguas ward, Juana Diaz, Puerto Rico.

### IV. FACTUAL ALLEGATIONS

5.     AJC is a Non-Vessel Operating Common Carrier ("NVOCC") engaged in the business of providing for the transportation of goods by sea to and from the United States and Puerto Rico, and to and from other countries as the need may arise.  AJC does not own or operate the vessels upon which its cargo is transported. Cargo is transported by third parties known as ocean carriers.

6.     Between December, 2014, and January, 2015, defendant Atlantic engaged AJC to act as NVOCC for six consignment shipments of containers filled wire mesh presumably used by Atlantic as raw material for the manufacturing of concrete pipes.  Pursuant to the the contracts of carriage, AJC agreed to transport cargo, which

2

was consigned to Atlantic, from the port of Houston, Texas, to the port of San Juan, Puerto Rico.

7.   AJC transported and/or arranged for transportation of said cargo on board vessels owned and/or operated by ocean carriers. AJC prepaid the freight to the ocean carriers. AJC billed its services (which included the freight) with invoices which were sent to Atlantic, pursuant to Atlantic's instructions. AJC satisfied all of its obligations under the contracts with Altantic.

8.   However, Atlantic failed to pay for AJC's services. Notwithstanding AJC's numerous demands for payment, Atlantic refuses to pay and its refusal to pay is without basis since Atlantic acknowledges the debt to AJC. By reason of the foregoing, AJC has suffered damages.

9.   During early 2015, Atlantic assured AJC that the it would pay all outstanding freight charges, and thus gave AJC check no. 1010910 for $ 4,277.00, dated March 6, 2015, check no. 101912 for $4,262.00, dated March 13, 2015, and check no. 101913 for $4,172.00, dated March 13, 2015.

10.   Upon presenting the checks for payment, the checks where returned due to insufficient funds.

### COUNT I (BREACH OF CONTRACT)

**11.** AJC repeats and realleges all of the preceding paragraphs as if fully set forth herein.

**12.** Plaintiff has at all times complied with the terms of the contracts of carriage.

**13.** Defendant's failure to pay the freight charges constitutes a breach of contract for which defendant is liable to plaintiff in the sum of not less than $26,400.00, plus interest in the amount of $5,672.09 which will continue to accrue at a rate of 1.5% per month, costs and attorneys' fees.

**WHEREFORE**, plaintiff AJC demands judgment against defendant, Atlantic, as follows: (i) for damages in the amount of at least $26,400.00, plus interest in the amount of $5,672.09 which will continue to accrue at a rate of 1.5% per month; (ii) for costs and disbursements, including a reasonable attorney's fee; (iii) for such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 18th day of April, 2016.

By: S/Alberto J. Castañer
**Alberto J. Castañer**
USDC-PR No. 225706

**CASTAÑER LAW OFFICES PSC**
Maramar Plaza
101 Ave San Patricio, Ste 1110
Guaynabo, PR 00968
Tel. (787) 707-0802
Fax: (888) 227-5728
E-mail: alberto@castanerlaw.com

4